NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUGET THOMPSON, | Civil Action No.: 18-6676 (JLL) |
| Plaintiff, | OPINION |
| v. | |
| ANTHEM COMPANIES, INC., *et al.*, | |
| Defendants. | |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Defendants' Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF Nos. 6, 11). Plaintiff Suget Thompson has submitted Opposition (ECF No. 18), to which Defendants have replied. (ECF No. 19). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants the Defendants Motion to Dismiss, without prejudice.

## I.   BACKGROUND[1]

The detailed background of this action is unnecessary to the disposition of the current application before the Court. Accordingly, the Court provides the following brief background. Plaintiff Suget Thompson is a black female of Guyanese descent who is a resident of Warren County, New Jersey. (ECF No. 1 ("Compl.") ¶ 1). Plaintiff brought this Complaint against

---

[1] This background is derived from Plaintiff's Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

Defendants The Anthem Companies, Inc. ("Anthem") and Amerigroup New Jersey, Inc.[2] ("Amerigroup") alleging a violation under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. §10:5-1, *et. seq.* (Compl. ¶ 2-3). Plaintiff began working for Anthem, then named Health Plus, on or about June 6, 2011. (Compl. ¶ 8). Plaintiff worked as the supervisor of personal care services roughly through the end of 2013, while the company underwent a few acquisitions and a name change to Anthem. (Compl. ¶¶ 8-11, 15). Additionally, Plaintiff's schedule allowed her to work four days from home and one day in the office conducting case intake, preparing reports and assigning cases to other nurses. (Compl. ¶ 15-16).

On or about September 2013, Assistant Director Sara Lafita ("Lafita") requested Plaintiff begin working at least three days in the office, despite Plaintiff's contract. (Compl. ¶ 18). About one year later, Martina Perez ("Perez") from Human Resources ("HR") met with Lafita, along with Nadine Carter ("Carter") to discuss their grievances regarding Plaintiff. (Compl. ¶ 19). Perez told Lafita and Carter that Plaintiff received outstanding annual reviews, but indicated that in order to make a case against Plaintiff, Lafita and Carter would have to document Plaintiff's job performance as poor. (Compl. ¶ 19-20).

Shortly thereafter, Plaintiff was placed on "corrective actions," had her job description changed, was assigned a caseload of two hundred patients, and was gradually demoted, no longer holding a managerial position. (Compl. ¶¶ 21-23). Around late 2014 or early 2015, Plaintiff

---

[2] Defendants aver that Plaintiff has confused several of the corporate identities. (ECF No. 6 ("Def. Mov. Br.") at 6 n.4). Most relevant is Plaintiff's reference to Amerigroup New Jersey, Inc. (referred to in this Opinion as Amerigroup). Defendants allege Amerigroup is not a subsidiary of The Anthem Companies, Inc. (Id.). First, as noted above, the Court must accept Plaintiff's allegations as true at this juncture, and Defendants have not provided any concrete evidence to completely rebut Plaintiff's allegations as to Defendants' corporate structure. Moreover, and more importantly, this distinction is not relevant to the Court's analysis below.

expressed her concerns about these developments to Carter, who allegedly told Plaintiff, she "should consider herself privileged to be making mega bucks as a little Guyanese girl." (Compl. ¶ 24).

Thereafter, towards the end of November 2015, Plaintiff went to Perez in HR to report the alleged hostile work environment. Plaintiff asserts that, despite her complaint, HR took no action. (Compl. ¶ 27). On January 4, 2016, Plaintiff was terminated from Anthem. (Compl. ¶ 28). Accordingly, Plaintiff filed this action asserting the following causes of action: Count I – National Origin Discrimination in Violation of NJLAD; Count II – Hostile Work Environment in Violation of NJLAD; and Count III – Retaliation in Violation of NJLAD. (Compl. ¶¶ 30-42).

## II. LEGAL STANDARD

To withstand a motion to dismiss for failure to state a claim, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the Court must take three steps. "First, it must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, it should identify that there are well-pleaded factual allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally,

'[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679) (citation omitted). "In deciding a Rule 12 (b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). The Third Circuit has held that the Court can review the record of prior actions between the parties and take judicial notice of the same in considering a motion to dismiss. *See Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008).

### III. ANALYSIS

Defendants first argument is that "**Any Claims Based on Actions That Plaintiff Alleges Occurred before December 29, 2015 Are Time Barred**." (Def. Mov. Br at 10-11). Claims brought under NJLAD are subject to a two-year statute of limitations. *Montells v. Haynes*, 133 N.J. 282, 292 (1993). Plaintiff filed her Complaint on December 29, 2017. (*See generally* Compl.). As such, Defendants conclude that any claims predicated on acts that occurred more than two years before the filing of the Complaint are time barred. (Def. Mov. Br. at 10-11). Plaintiff opposes Defendants' position by arguing that the continuing violation doctrine saves claims that are based on acts that occurred before December 29, 2015. (ECF No. 18 ("Pl. Opp. Br.") at 2-3).

"[T]he 'continuing violation' doctrine is an 'equitable exception'" to NJLAD's two-year statute of limitations. *Handelman v. State of New Jersey*, 2016 WL 3691976, at *5-6 (D.N.J. July 12, 2016) (citing *Shepherd v. Hunterdon Developmental Ctr.*, 174 N.J. 1, 6-7, 17-24 (2002))

(additional citations omitted). This doctrine is premised on the nature of a hostile work environment claim, which "is composed of a series of separate acts that collectively constitute one 'unlawful employment practice'" and "cannot be said to occur on any particular day." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115-17 (2002). Indeed, in *Morgan*, the Supreme Court

> [E]stablished a bright-line distinction between discrete acts, which are individually actionable, and acts which are not individually actionable but may be aggregated to make out a hostile work environment claim. The former must be raised within the applicable limitations period or they will not support a lawsuit [. . .] The latter can occur at any time so long as they are linked in a pattern of actions which continues into the applicable limitations period.

*O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006) (citing *Morgan*, 536 U.S. at 105, 113).[3] Stated differently, "[u]nder the continuing violation doctrine, discriminatory acts that are not individually actionable may be aggregated to make out a hostile work environment claim; such acts 'can occur at any time so long as they are linked in a pattern of actions which continues into the applicable limitations period.'" *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165-66 (3d Cir. 2013) (quoting O'*Connor*, 440 F.3d at 127). "To allege a continuing violation, the plaintiff must show that all acts which constitute the claim are part of the same unlawful employment practice and that at least one act falls within the applicable limitations period." *Id.* at 165-66 (citing *Morgan*, 536 U.S. at 122) (additional citation omitted).

The Court finds that Plaintiff's Complaint, as it is currently constituted, does not implicate the continuing violation doctrine. This is because Plaintiff did not specifically plead the continuing

---

[3] As explained by the *Morgan* Court, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discriminatory act starts a new clock for filing charges alleging that act." *Morgan*, 536 U.S. at 113. In contrast, "consideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for purposes of assessing liability, so long as any act contributing to that hostile environment takes place within the statutory time period." *Id.* at 105.

violation doctrine in her complaint. It is true that Courts within the Third Circuit have disagreed with regard to whether a plaintiff must specifically plead the continuing violation doctrine. *Compare Poveromo-Spring v. Exxon Corp.*, 968 F. Supp. 219, 226 (D.N.J. 1997) ("To apply the continuing violation theory properly plaintiff must have pled this theory specifically.") and *Williams v. Home Depot, U.S.A., Inc.*, 1999 WL 788597, at *6 (E.D. Pa. Oct. 5, 1999) ("In order to invoke the continuing violations theory in an employment discrimination case, the doctrine must be clearly pled in both the administrative filing and the complaint."), *with Phillips v. Heydt*, 197 F. Supp. 2d 207, 217 (E.D. Pa. 2002) (noting that "other opinions indicate a willingness to look at the substance of the allegations, rather than specific language of the pleadings, to determine if a plaintiff has properly invoked the doctrine"). The rationale for requiring the continuing violation doctrine to be clearly pled is that "[w]ithout such an allegation, there is merely continuity of employment with what may be no more than sporadic instances of discriminatory conduct, and '[m]ere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination.'" *Williams*, 1999 WL 788597, at *6 (citing *Del. State Coll. v. Ricks*, 449 U.S. 250, 257 (1980)).

The Court finds the *Williams* rationale persuasive in light of Plaintiff's allegations. Plaintiff recites relevant allegations in support of her discrimination claim, however, absent from Plaintiff's Complaint is an explicit invocation of the continuing violation doctrine. There is no reference to "continuous violations" in Plaintiff's Complaint. Thus, Plaintiff's Complaint, in its current form, is "mere continuity of employment" with allegations of discrimination along the way. Hence, the Court agrees with Defendants that Plaintiff's current Complaint cannot support claims based on conduct that occurred prior to December 29, 2015.

However, the Court also believes that Plaintiff may be able to cure this deficiency. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend "should be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave shall be freely given in the absence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies in previous amendments, undue prejudice or futility of the amendment." *In re Caterpillar Inc.*, 67 F. Supp. 3d 663, 668 (D.N.J. 2014) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)). However, "[a] District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." *Krantz v. Prudential Invs. Fund Mgmt.*, 305 F.3d 140, 144 (3d Cir. 2002) (citing *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 654 (3d Cir. 1998)).

The Court finds that granting Plaintiff leave to amend her Complaint is the prudent course here. Indeed, the Court cannot conclude that Plaintiff was "on notice" of the deficiencies and "chose not to resolve them." Moreover, the Court finds that, based on the allegations in her current Complaint, Plaintiff may be able to amend the allegations in a way sufficient to invoke the continuing violation doctrine. For example, Plaintiff alleges the underlying acts of Defendants commenced when Plaintiff's four-day telecommuter privileges were revoked even though she had received outstanding annual reviews. Additionally, despite Plaintiff's good performance reviews, Plaintiff was placed under "corrective actions" as suggested by HR. Such allegations, if pled properly, may be sufficient to implicate the continuing violation doctrine.

Therefore, the Court will grant the portion of Defendants' Motion to Dismiss as it relates to the untimeliness of claims that rely on incidents that occurred before December 29, 2015, but

will grant Plaintiff leave to amend her Complaint. Because the Court is allowing Plaintiff to amend her Complaint, the Court will not address Defendants' remaining arguments in support of their Motion to Dismiss, as doing so would be premature in light of Plaintiff's impending Amended Complaint.

## IV. CONCLUSION

For the aforementioned reasons, Defendants' Motion to Dismiss is hereby granted in part. An appropriate Order accompanies this Opinion.

DATED: July 31, 2018

JOSE L. LINARES
Chief Judge, United States District Court