NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUGET THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>THE ANTHEM COMPANIES, INC;<br>AMERIGROUP NEW YORK, LLC; and<br>AMERIGROUP NEW JERSEY, INC.,<br><br>Defendants. | CIVIL ACTION NO. 18-6676 (JLL)<br><br>**OPINION & ORDER** |

**LINARES,** Chief District Judge

**IT APPEARING THAT:**

1. The defendants removed this action from New Jersey State Court based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1.)

2. The Court ordered the parties to show cause why this action should not be remanded for lack of diversity jurisdiction. (ECF No. 36.) The Court presumes that the parties are familiar with the factual context and the procedural history of this action, as well as the contents of the pending Order to Show Cause, and thus the Court will only set forth the facts and arguments that are necessary to resolve the Order to Show Cause.

3.      The plaintiff, who is a New Jersey citizen, brought this action to recover damages for employment discrimination under state law against her employers: (a) the defendant The Anthem Companies, Inc. (hereinafter, "TACI"), which is deemed to be an Indiana citizen; and (b) the defendant Amerigroup New York, LLC (hereinafter, "AGNY"), which is TACI's subsidiary, is now known as HealthPlus HP, LLC, and is deemed to be a citizen of Delaware and Virginia. (ECF No. 37 at 2, 6 (the defendants' assertions concerning citizenship); *see also* ECF No. 25 at 1 (the amended complaint setting forth the plaintiff's citizenship).)

4.      However, the plaintiff also named Amerigroup New Jersey, Inc. (hereinafter, "the New Jersey Office"), which is deemed to be a New Jersey citizen, in this action. (ECF No. 37 at 2.) If the New Jersey Office is a properly-joined defendant, then diversity jurisidiction would be lacking for this action.

5.      The defendants have now demonstrated without any refutation from the plaintiff that: (a) the plaintiff reported to AGNY and TACI only; (b) when the plaintiff telecommuted for work from her New Jersey home, she checked in with and took direction from AGNY and TACI only; (c) the plaintiff's paychecks were issued by AGNY and TACI only; and (d) the plaintiff was terminated from her employment by TACI. (ECF No. 37 at 3-5; ECF No. 37-2 at 3-4; *see also* ECF No. 37-2 at 19, 23, 25–33 (copies of paycheck stubs and W-2 forms issued by TACI and AGNY to the plaintiff).) Furthermore, the defendants have submitted a copy of a 2016 notice concerning the plaintiff's

unemployment benefits, wherein her employer is listed as TACI. (ECF No. 37-2 at 35.)

6. The plaintif now admits that "her W-2 forms . . . were issued by [AGNY] and . . . [TACI]," and that she "never worked one day in the New Jersey office." (ECF No. 43 at 2.) Furthermore, the plaintiff has submitted payroll and tax-related documents that clearly indicate that her employers were only TACI and AGNY, and not the New Jersey Office. (*See* ECF No. 43-3 at 1–2 (W-2 forms issued by TACI and AGNY); *id.* at 3–4 (paycheck stubs issued to plaintiff by AGNY).)

7. It is apparent that the New Jersey Office is not a properly-joined defendant to this action, because it was neither the plaintiff's employer nor involved in overseeing her work. Therefore, the Court dismisses the claims that the plaintiff has asserted against the New Jersey Office. As a result, the Court possesses diversity jurisdiction over this action because the remaining defendants are not deemed to be citizens of New Jersey.

8. The Court notes that there is some uncertainty as to whether the District of New Jersey is the proper venue for this action, as all of the underlying incidents and decisions related to the plaintiff's employment occurred in New York. *See Schwartz v. Planalytics, Inc.*, No. 16-3933, 2017 WL 2812878, at *2–4 (D.N.J. June 29, 2017) (transferring an NJLAD employment action brought in the District of New Jersey by a telecommuting New Jersey plaintiff to the Eastern District of Pennsylvania, because the plaintiff's job concerned matters for clients connected to the employer's Pennsylvania office, the plaintiff's job-related communications were with the Pennsylvania office, the

plaintiff would frequently report in person to the Pennsylvania office, and the decision to terminate the plaintiff's employment arose in the Pennsylvania office). However, it would be more appropriate for the parties to raise the issue of venue via motion practice if a change of venue is desired, rather than for the Court to address that issue *sua sponte*. Therefore, the Court offers no opinion on the issue of venue at this juncture. For good cause shown:

**IT IS THEREFORE** on this ___11th___ day of February, 2019, **ORDERED** that the claims asserted against the defendant Amerigroup New Jersey, Inc., are **DISMISSED**, and that the defendant Amerigroup New Jersey, Inc., is to be designated as **TERMINATED** on the docket; and it is further

**ORDERED** that this action insofar as it has been brought against the defendants The Anthem Companies, Inc., and Amerigroup New York, LLC, will now proceed in the District of New Jersey.

JOSE L. LINARES
Chief Judge, United States District Court

4